UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

---

THOMAS J. SALADINO,

    Plaintiff,

v.

CITY OF WYOMING, JAMES CARMODY, and CURTIS HOLT

    Defendants.

Case No.  1:16:cv-01010-JGQ-RSK

Hon. Gordon J. Quist

| | |
|---|---|
| Karie H. Boylan (P55468)<br>BOYLANLAW, P.C.<br>Attorney for Plaintiff<br>410 W. University, Suite 201<br>Rochester, MI 48307<br>855-9BOYLAN<br>karie@boylanlaw.net | Anthony R. Comden (P44958)<br>MILLER JOHNSON<br>Attorneys for Defendants<br>45 Ottawa Avenue, W.W., Suite 1100<br>Grand Rapids, MI  49501-0306<br>616.831.1700<br>comdent@millerjohnson.com |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for November 15, 2016, at 11:00 a.m. before Honorable Gordon J. Quist, United States District Judge.  Appearing for the parties will be Karie Boyland, counsel for Plaintiff; and Anthony R. Comden, counsel for Defendants.

    **1.**    **Jurisdiction:**  The basis for the Court's jurisdiction is original jurisdiction pursuant to 28 U.S.C. § 1331.

    **2.**    **Jury or Non−jury:**  This case is to be tried before a jury.

    **3.**    **Judicial Availability:**  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.     **Geographic Transfer:**  The parties did not believe a transfer for geographic convenience is warranted in this case.

5.     **Statement of the Case**:

**PLAINTIFF**:

Plaintiff worked as a full time Firefighter for Defendant City of Wyoming and part time Firefighter then Fire Chief for Jamestown Township for decades.  Always with Defendants' approval, without hesitation.  In 2011, Plaintiff became an outspoken public advocate for passage of House Bill 4624, commonly referred to as the "Two-Hatter" protection law.  The law is aimed at protecting the right of full time Firefighters from one municipality to work part time at another municipality.  Defendants opposed passage of House Bill 4624.

HB 4624 passed and became MCL 423.25a, effective October 15, 2014.  The statute provides a full time Firefighter may accept part time employment with another fire department if it does not conflict with his or her performance of the original employment.  The statute prohibits a government from adopting a policy in conflict with the right granted an employee under this law.  On January 1, 2015, Defendant Carmody issued a standing Order to Public Safety employees that ALL firefighting and EMS part time positions were "inherently in conflict" with full time employment with the City of Wyoming.  On January 28, 2016, for the first time in decades, Defendant Carmody willfully and maliciously denied Plaintiff's request to work as part time Fire Chief for Jamestown Township.  Defendants stated Plaintiff could only work as a Firefighter for the Township from that point forward.  In clear violation of MCL 423.25a.

In July of 2016, Defendants accused Plaintiff of being the defacto Fire Chief in Jamestown Township.  On August 10, 2016, Defendants fired Plaintiff in retaliation for his advocating for passage of House Bill 4624.  This suit was filed on August 11, 2016.

**DEFENDANTS**:

The City of Wyoming employed Plaintiff as a firefighter. In January 2016, the City denied Plaintiff's request for permission to have secondary employment as the Fire Chief of the Jamestown Township Fire Department, but it encouraged Plaintiff to request permission to work for Jamestown Township as a paid-on-call firefighter. Despite providing his written assurance that he had complied with the City's directive that he could not have secondary employment as the Fire Chief of Jamestown Township, the City learned that Plaintiff was continuing to represent himself as the Jamestown Township Fire Chief, was continuing to receive Fire Chief pay, and was otherwise acting in a manner consistent with being the Jamestown Township Fire Chief. When the City informed Plaintiff of this information, he admitted that the information was accurate.

During the City's investigation, the City instructed Plaintiff to have no further contact with Jamestown Township officials or employees pending completion of the investigation. Notwithstanding that instruction, Plaintiff met with one or more Jamestown Township representatives the very same day that the City directed him to have no contact. Again, when the City confronted him with this information, Plaintiff admitted his misconduct.

Based on its investigations, the City terminated Plaintiff's employment. Plaintiff challenged his termination by filing a grievance with his union, the International Association of Firefighters. The IAFF declined to pursue Plaintiff's grievance to arbitration.

**6.     Pendent State Claims:** As of this time, the only pendant claim is violation of Michigan's Whistleblower statute, MCL 423.215a. Plaintiff anticipates additional claims will be uncovered during discovery.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **February 1, 2017**.

8. **Disclosures and Exchanges:**

   (i)  Fed.R.Civ.P. 26(a)(1) disclosures shall be made by **December 16, 2016**.

   (ii)  Plaintiff expects to be able to furnish the names of his expert witnesses to Defendants by **March 1, 2017**. Defendants expect to be able to furnish the names of Defendants' expert witnesses to Plaintiff by **March 31, 2017**. In this case, it would be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   From Plaintiff to Defendants by **April 15, 2017**;

   From Defendants to Plaintiff by **May 12, 2017**.

   (iii)  Other than Rule 26 disclosures, the parties do not agree to make available any documents without the need of a formal request for production.

9. **Discovery:** The parties believe that fact discovery proceedings can be completed by **March 31, 2017** and expert discovery by **May 31, 2017**. The parties recommend the following discovery plan: the parties will exchange written discovery and depositions. Third party discovery will be necessary as well. The parties believe that the standard limitations on discovery should apply in this case.

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: To the extent either party seeks discovery of electronically stored information (ESI), the parties agree that ESI may be produced initially in paper format and/or outlined and described on paper, i.e., a description given in writing as to how it is stored, where, and in what format so that the party requesting same may determine or choose the most

4

efficient manner of production.  ESI will be provided in its native format so long as it is reasonably accessible and not otherwise objectionable.

**11.** **Assertion of Claims of Privilege or Work-Product Immunity After Production:**  The parties agree that, in the event of inadvertent production of information (ESI or otherwise) claimed as privileged or subject to trial-preparation protection, the producing party must notify the receiving party of the inadvertent production.  After notification, the receiving party must return, sequester or destroy the information and cannot use it or disclose it to third parties until the claim is resolved.  If disclosed before receiving the claim, appropriate steps to recall must be taken.  The receiving party may submit the information to the Court to decide if it is protected or privileged as claimed and, if so, whether a waiver has occurred.  The producing party must submit its claim on a timely basis and the Court may consider any delay in notification in addressing the issue of waiver.

**12.** **Motions.**  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed.  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party: Defendants intend to file a Motion for Summary Judgment.

The parties anticipate that all dispositive motions will be filed by **July 7, 2017**.

**13.** **Alternative Dispute Resolution:**  Plaintiff suggests ADR, including Case Evaluation would assist in resolving this dispute.  Defendants respectfully do not believe that ADR will be productive in this case but will participate in good faith in any ADR that the Court may order.

**14.** **Length of Trial:**  The parties estimate that trial will last approximately six full days total, allocated as follows:  four days for Plaintiff's case and two days for Defendants' case.

**15.** **Prospects of Settlement:**  Plaintiff inquired about possible settlement discussions, which Defendants declined.

**16.     Electronic Document Filing System:**  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

**17.     Other: None.**

| | |
|---|---|
| BOYLANLAW, P.C. | MILLER JOHNSON |
| Attorney for Plaintiff | Attorneys for Defendants |
| By:  */s/ Karie H. Boylan (w/permission* | By:  */s/ Anthony R. Comden* |
|      Karie H. Boylan (P55468)<br>     BOYLANLAW, P.C.<br>     410 W.University, Suite 201<br>     Rochester, MI 48307<br>     855-9BOYLAN<br>     karie@boylanlaw.net |      Anthony R. Comden (P44958)<br>     MILLER JOHNSON<br>     45 Ottawa Ave S.W., Suite 1100<br>     Grand Rapids, MI  4951-0306<br>     616.831.1700<br>     comdent@millerjohnson.com |
| Date:  November 9, 2016 | Date:  November 9, 2016 |